MODERN SECURITY COMPANY OF PHILADÉLPHIA, PLAINTIFF, v. ARSENIO DE VITO AND FILOMENA DÉ VITO, DEFENDANTS.

Argued October 14, 1932—Decided March 27, 1933.

Before Justices TRENCHARD and CASE.

For the defendants-appellants, *Peter Hofstra.*

For the plaintiff-respondent, *Herman J. Harris.*

PER CURIAM.

This is an application by the defendants to set aside a judgment entered by the plaintiff against the defendants by con-

fession on a bond and warrant of attorney, on September 24th, 1931, for the sum of $295 as damages and $10 as costs.

The facts are these:

On September 12th, 1929, the defendants, being desirous of equipping their property at Haledon, New Jersey, with a steam heating system, entered into a contract with Modern Home Heating Company of New Jersey for the installation of such system, for the sum of $720 payable in twenty-four monthly installments, twenty-three of which were to be in the sum of $25 each and the twenty-fourth installment was to be in the sum of $145. The first installment was to be payable on December 15th, 1929. At the time of the execution of this contract the defendants executed a bond and warrant of attorney for the confession of judgment, upon which the present judgment was entered, and which permitted the entry of judgment upon default of the undertaking in the contract. After the heating company had done the work, and being desirous of raising money, they offered to sell the contract to Modern Security Company, the plaintiff herein, which is in the finance business. Before purchasing the contract the plaintiff inquired from the defendants whether the contract price and payments as agreed upon were correct, and also whether the work had been completed to their satisfaction, and in effect was informed that it was all so. Thereupon the heating company for a valuable consideration assigned the contract and bond and warrant of attorney to the plaintiff. On September 24th, 1931, after default occurred, under the terms of the contract, and had existed for a period of five months, the plaintiff caused judgment to be entered on the bond and warrant of attorney for the balance due on the contract. On January 4th, 1932, the defendants made application to the late Mr. Justice Daly to open the judgment. Before such application was determined Mr. Justice Daly died, and the matter was submitted to Mr. Justice Brogan who denied the application to reopen the judgment.

He did so upon the authority of *Modern Security Co.* v. *Lockett*, 143 *Atl. Rep.* 511.

The matter was then brought to our attention and the

propriety of Mr. Justice Brogan's action has been argued and considered.

We think that such action was entirely right and therefore the application addressed to us is denied, with costs.